```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/1/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARCEL WALKER,

                Plaintiff,

      -v.-

EVERETT L. JAMES and M & S
TRANSPORT INC.,

                Defendants.

23 Civ. 260 (JHR)

ORDER OF DISMISSAL

---

JENNIFER H. REARDEN, District Judge:

      In this action, Defendants' Petition for Removal ("Petition") is premised on the Court's diversity jurisdiction under 28 US.C. § 1332(a).  *See* ECF No. 1 (Pet.) ¶ 5.  Diversity jurisdiction lies where complete diversity of citizenship among the parties is present and the amount in controversy exceeds $75,000.  *See* 28 US.C. § 1332(a).  Where removability turns on the amount in controversy, "if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis" for removal.  *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994).

      On March 20, 2023, the Court ordered Defendants to show cause why the case should not be remanded to the Supreme Court of New York, Bronx County, on the basis that the conclusory allegations of Plaintiff's alleged injuries and economic loss in the Petition and the Complaint did not sufficiently allege the amount in controversy exceeding the jurisdictional amount.  ECF No. 15 (Order to Show Cause).  On April 4, 2023, Defendants filed a response to the Order to Show Cause.  ECF No. 16 (Defs.' Cert.).  On April 5, 2023, Plaintiff filed an opposition.  ECF No. 17.

      The "burden of establishing [diversity] jurisdiction" is on the party seeking to remove. *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir.

2019); *Hines v. Azoth Inv. SPC Ltd.*, No. 21-CV-10309 (VSB), 2022 WL 683996, at *2 (S.D.N.Y. Mar. 8, 2022). Here, Defendants failed to meet this burden. Defendants aver that there is a "reasonable probability that Plaintiff's underlying claim will exceed the requisite amount in controversy of $75,000" on the basis that Plaintiff's counsel told Defendants' counsel that "Plaintiff is alleging injuries to his back and right knee," "Plaintiff underwent a right knee surgery and is still treating for his back injuries" and he is "undergoing physical therapy." Defs.' Cert. ¶¶ 4-7. In addition, Defendants attest that they have received authorizations to obtain medical records from Plaintiff's providers who have treated him in connection with his alleged injuries. *Id.* ¶ 6; *see* ECF No. 16-1 (Ex. A); ECF No. 16-2 (Def.'s Br.) at 3. These arguments fall short of demonstrating that the amount in controversy requirement has been met. *See* Order to Show Cause at 2-3 (citing cases).[1]

The Court therefore lacks subject matter jurisdiction over this action and must remand it. *See Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990) ("[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Accordingly, the Complaint is hereby REMANDED to the New York Supreme Court, Bronx County, without prejudice, for lack of subject matter jurisdiction. The Clerk of Court is directed to close the case.

---

[1] *Sutraban v. Worsley*, cited by Defendants, is not to the contrary. *See* No. 22 Civ. 5293 (VMS), 2023 U.S. Dist. LEXIS 55588, *9-10 (E.D.N.Y. Mar. 30, 2023). In *Sutraban*, the court found that the record showed that the amount in controversy requirement had been sufficiently alleged. The information considered by the court included plaintiff's counsel's confirmation on the record during a telephone conference "both (1) that Plaintiff refused to stipulate to cap damages at $75,000 in exchange for Defendants' withdrawal of the notice of removal; and (2) that Plaintiff's initial settlement demand would exceed $75,000." *Id.* at *9. In the instant case, Plaintiff has made no such concessions.

SO ORDERED.

Dated: June 1, 2023
      New York, New York

                                                       JENNIFER H. REARDEN
                                                       United States District Judge